# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GOOD GEORGE, LLC**, an Oregon limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**THE CINCINNATI INSURANCE COMPANY**, an Ohio corporation,<br><br>　　　　　Defendant. | Case No. 3:20-cv-1705-AR LEAD<br><br>**ORDER** |
| **THE RINGSIDE, INC.**, an Oregon corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**THE CINCINNATI CASUALTY COMPANY**, an Ohio corporation**,**<br><br>　　　　　Defendant. | Case No. 3:20-cv-1709-AR consolidated<br><br>**ORDER** |
| **MISSISSIPPI PRODUCTIONS, INC.,** an Oregon corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**THE CINCINNATI INSURANCE COMPANY,** an Ohio corporation,<br><br>　　　　　Defendant. | Case No. 3:20-cv-1711-AR consolidated<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jeffrey Armistead issued Findings and Recommendation in these consolidated cases on August 23, 2022.[1] Plaintiffs bring insurance coverage actions against Defendant, their insurer, to recover for business losses incurred during the COVID-19 pandemic. Finding that Plaintiffs do not allege losses that are covered under their insurance policies, Judge Armistead recommends that this Court grant Defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Judge Armistead also recommends that this Court deny leave to amend because Plaintiffs cannot recharacterize their economic losses stemming from the COVID-related orders as physical loss or damage. Plaintiffs filed timely objections.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate judge's findings and recommendations if objection is made, "but not

---

[1] The cases were consolidated for Rule 12 motion practice purposes only. *See* Case No. 3:20-cv-1705-AR, ECF 33.

otherwise"). Although absent objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

In their objections, Plaintiffs argue that the Magistrate Judge: (1) ignored the allegations in Plaintiffs' complaints that the coronavirus was found on the insured premises, which were pleaded in the alternative; (2) failed to apply Oregon precedent; and (3) adopted an analysis inconsistent with Oregon's framework for interpreting insurance policies. Plaintiffs also object to the recommendation to deny leave to amend because leave to amend is not futile and is appropriate based on Plaintiffs' allegations. Having reviewed these objections de novo, the Court adopts the Findings and Recommendation for the reasons stated below.

Plaintiffs assert that Judge Armistead did not consider Plaintiffs' alternative allegation that the coronavirus was present at Plaintiffs' properties. They argue that the Findings and Recommendation only addressed business losses allegedly incurred based on a series of executive orders issued by Oregon Governor Kate Brown in response to the COVID-19 pandemic. The Court finds that Judge Armistead's analysis of "physical loss" or "physical damage" applies with equal force to Plaintiffs' alternative allegation. Plaintiffs allege no connection between the alleged physical presence of the coronavirus at their premises and "physical damage to [their] tangible property which requires repair or replacement." ECF 69 at 9. "Because Plaintiffs offer no factual allegations depicting physical damage or loss to their property, they have not plausibly alleged a 'Covered Cause of Loss' sufficient to trigger coverage under the Business Income, Extra Expense, Civil Authority, or Ingress and Egress

PAGE 3 – ORDER

provisions." *Id.* at 10. Thus, the analysis of the Findings and Recommendation applies to reject the sufficiency of Plaintiffs' alternative allegation.

Significant case law from across the country supports this conclusion. Since the pandemic began, more than 1,400 lawsuits have been filed in federal court against insurers on behalf of insureds seeking coverage for COVID-related losses. *See* Law 360, *COVID-19 Case Tracker*, https://www.law360.com/insurance-authority/covid-map (last updated October 19, 2022). In nearly all these cases, courts have granted motions to dismiss or summary judgment for the insurer. *Id.* The Ninth Circuit has consistently ruled against policyholders seeking COVID-19 coverage, holding that similar allegations of physical loss or damage caused by the coronavirus fail to satisfy pleading requirements. *See, e.g.*, *Circus Circus LV, LP v. AIG Specialty Ins. Co.*, 2022 WL 1125663, at *1 (9th Cir. Apr. 15, 2022) ("Despite Circus Circus's allegation that the COVID-19 virus was present on its premises, it has not identified any direct physical damage to its property caused by the virus which led to the casino's closure."); *Protege Rest. Partners LLC v. Sentinel Ins. Co.*, 2022 WL 14476377, at *5 (9th Cir. Oct. 25, 2022) (holding that, because the virus did not cause "direct physical loss or physical damage" or "risks of physical loss" as California courts have interpreted these phrases, plaintiff could not recover under the insurance policy for its COVID-19 related business losses).

Applying Oregon law does not change this result. Courts in Oregon have construed the phrase "direct physical loss of or damage to property" and similar phrases to require some degradation in the condition of the property to invoke coverage. *See Dakota Ventures, LLC v. Or. Mut. Ins. Co.*, 553 F. Supp. 3d 848, 857 (D. Or. 2021). In *Dakota Ventures*, Chief District Judge Hernández granted the insurer's motion to dismiss because the complaint lacked allegations of property degradation. "Even assuming that the virus was present in Plaintiff's

PAGE 4 – ORDER

restaurants, Plaintiffs' property has not been lost or damaged by the virus in a manner that required it to suspend operations in order to conduct repairs or replace the property. No such allegations appear in Plaintiff's [complaint]" *Id.* at 860. Here, Plaintiffs allege only that, because of the presence of coronavirus, "property at [their] premises was rendered physically unfit or unsafe for ordinary or intended use, rendered substantially unusable, and/or lost physical utility." Good George Compl. ¶ 41; Miss. Prods. Compl. ¶ 41; Ringside Compl. ¶ 39. This is a conclusory allegation. As in *Dakota Ventures*, "[t]he absence of facts demonstrating any physical loss or damage to its business property is fatal to Plaintiff's claim." *Dakota Ventures*, 553 F. Supp. 3d at 859. There is no allegation here of physical loss or damage. The properties have remained physically intact and undamaged. The only losses are economic—a temporary loss of use. The policies, by their own terms, cover only direct physical loss or damage. Thus, Plaintiffs fail to state claims under the insurance policies at issue.

As for Plaintiffs' third objection, this Court finds persuasive the reasoning and legal analysis in *Dakota Ventures* interpreting Oregon's insurance law. 553 F. Supp. 3d at 857-59. The Court, like other judges in this district including Judge Armistead in his Finding and Recommendation, adopts the reasoning in *Dakota Ventures* in granting Defendant's motion to dismiss. The Court also finds that the Findings and Recommendation mirrors rulings that have applied *Dakota Ventures* to this same question of Oregon law. *See, e.g.*, *RV Agate Beach, LLC v. Hartford Fire Ins. Co.*, 2021 WL 4851304 (D. Or. Oct. 16, 2021), *appeal dismissed*, 2022 WL 1486263 (9th Cir. Feb. 25, 2022); *Oregon Clinic, PC v. Fireman's Fund Ins. Co.*, 2021 WL 5921370 (D. Or. Dec. 15, 2021) (rejecting an attempt to distinguish *Dakota Ventures* based on conclusory allegations that COVID-19 was on its property). The Court therefore rejects

Plaintiffs' argument that Judge Armistead adopted an analysis inconsistent with Oregon's framework for interpreting insurance policies.

Finally, after Judge Armistead issued his Findings and Recommendation, Plaintiffs filed a notice of supplemental authority citing the Vermont Supreme Court's recent decision in *Huntington Ingalls Industries Inc. v. Ace American Insurance Co.*, 2022 VT 45, 2022 WL 4396475 (Vt. Sept. 23, 2022). In that case, the Vermont Supreme Court held that allegations that the coronavirus caused physical loss or damage to property can be enough to trigger coverage under similar insurance policies. This authority does not dictate a departure from case law in the District of Oregon because it turns on Vermont's "extremely liberal" notice pleading standard. *Id.* at *13. In federal cases, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Here, Plaintiffs fail to allege facts of direct physical loss or damage to any property.

"In sum, the reasoning in *Dakota Ventures*, and cases like it across the country, is persuasive and applies with equal force to the policy and claims in this case. Similarly, dismissal with prejudice is the appropriate result here." *Zedan Outdoors, LLC v. Ohio Sec. Ins. Co.*, 2022 WL 298337, at *6 (D. Or. Jan. 10, 2022), *adopted*, 2022 WL 294953 (D. Or. Feb. 1, 2022). The Court also agrees with the Findings and Recommendation that Plaintiffs' complaints cannot be amended plausibly to allege claims under the terms of the policies.[2]

For those portions of the Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those

---

[2] Further, the Court has reviewed and considered de novo all of Plaintiffs' objections and rejects all arguments not specifically addressed in this Order.

matters for clear error on the face of the record. No such error is apparent and those portions are adopted.

The Court ADOPTS the Findings and Recommendation, as supplemented herein, in Case No. 3:20-cv-1705-AR, ECF 69; Case No. 3:20-cv-1709-AR, ECF 78; and Case No 3:20-cv-1711-AR, ECF 73. The Court GRANTS Defendant's motions to dismiss against Good George LLC, Case No. 3:20-cv-1705-AR, ECF 23; Ringside, Inc., Case No. 3:20-cv-1709-AR, ECF 30; and Mississippi Productions, Inc., Case No 3:20-cv-1711-AR, ECF 25. The Court DISMISSES these cases with prejudice.

**IT IS SO ORDERED.**

DATED this 14th day of November, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge